**Entered on Docket
October 29, 2014**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**IT IS SO ORDERED.
Signed October 28, 2014**

*Arthur S. Weissbrodt*
**Arthur S. Weissbrodt
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 14-53060-ASW |
| | Chapter 13 |
| GEORGE ALAN VAN BUSKIRK and WANDA CAROL VAN BUSKIRK, | |
| | Hearing Date: Nov. 17, 2014 |
| Debtors | Hearing Time: 2:30 p.m. |

**MEMORANDUM DECISION AND ORDER CONTINUING
HEARING RE: TRUSTEE'S MOTION TO DISMISS**

Before the Court is the motion of the chapter 13 trustee, who is represented by attorney Nanette Dumas, to dismiss this case due to Debtors' failure to submit pay advices for Debtor George Van Buskirk for the period ending June 30, 2014. Debtors, who are represented by attorney Elliott Gale, oppose the motion.

Pursuant to 11 U.S.C. § 521(a)(1)(B)(iv), debtors are required to file "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor[.]" Failure to comply with this requirement within 45 days of the petition date subjects the debtor's case to automatic dismissal. § 521(i).

According to the standing order for the Northern District of California, San Jose Division, that requirement may be satisfied as follows:

> 1. A debtor will have satisfied the filing requirement described in 11 U.S.C. § 521(a)(1)(B)(iv) by providing the required payment advices (or an alternative described in subsection (2) below) directly to the trustee at least seven days prior to the first date set for the meeting of creditors under 11 U.S.C. § 341.
>
> 2. A debtor with unavailable payment advices may provide to the trustee, in the alternative, a certification setting forth the reasons that the required information is unavailable. The certification should state the debtor's estimate of payments received within the 60 days before the petition date and provide other evidence, if any, of the payments received.

Order Re: Filing of Payment Advices, October 15, 2010 ("Payment Advice Order").

This case was filed on July 21, 2014, and the 341 meeting was scheduled for September 3, 2014. Under the Payment Advice Order, the pay advices and/or declaration were due to the trustee by August 27, 2014. As of September 17, 2014, the trustee had not received any pay advices and filed an ex parte motion to dismiss that was served on Debtors and their counsel. Debtors filed an opposition stating that the pay advices had been provided. Based on that representation, the Court did not enter the order of dismissal. Thereafter, the trustee filed another ex parte motion to dismiss, stating that Debtors had not provided a pay advice for Mr. Van Buskirk for the period ended June 30, 2014. After Mr. Gale filed a declaration opposing the motion, the trustee set the matter for hearing.

The record in this case shows that the trustee was provided with copies of pay advices for Mr. Van Buskirk from Evergreen Valley College for the periods ending 4/30/14, 5/31/14, 7/31/14,

and 8/31/14. However, there is no pay advice bearing the date of 6/30/14. In Mr. Gale's declaration, he states that Mr. Van Buskirk explained to counsel that Mr. Van Buskirk did not receive a pay advice for the period ending 6/30/14 because Mr. Van Buskirk did not receive income from Evergreen in June. Rather, Mr. Van Buskirk received pay for teaching the entire summer session (including June) at the end of the session in July.

Rather than having Mr. Van Buskirk file a declaration to that effect, which would have been the simplest, most efficient way to proceed, Mr. Gale challenges the trustee's interpretation of the Payment Advice Order, and argues that no declaration is required because Mr. Van Buskirk complied with paragraph 1 of the Payment Advice Order requiring submission of all payment advices received.

The Court will not grant the trustee's Motion at this time, but finds that, under the Payment Advice Order, Mr. Van Buskirk was required to file a declaration explaining why there is no pay advice for the period ending 6/30/14. Assuming the representations in Mr. Gale's declaration are true, Debtors' counsel is correct that Mr. Van Buskirk has submitted all pay advices. However, that fact would not be readily apparent to someone examining the documents, and there is no admissible evidence before this Court to verify the representations made by Mr. Gale. The trustee monitors and administers thousands of cases. She should not be required to guess whether she has been given all of the required information. A simple one-paragraph declaration provided with the advices would have clarified the situation and avoided all of the time and expense involved in litigating this issue.

3

This matter is continued to **November 17, 2014 at 2:30 p.m.** Debtor shall file a declaration, not later than November 3, 2014, explaining the lack of a pay advice for the period ending June 30, 2014. If the declaration is filed, the trustee shall withdraw her motion and this matter will be taken off calendar. If the declaration is not filed by the deadline, the Court may dismiss the case as to Mr. Van Buskirk only.

Mr. Gale should not seek attorney's fees from the Debtors for his filings of September 25, 2014, September 26, 2014, or October 1, 2014 (docket nos. 26, 28, and 33). It would not be fair for the Debtors to pay for Mr. Gale to litigate this issue – particularly where an inexpensive fix would have easily resolved the problem, with no prejudice to Debtors.

IT IS SO ORDERED.

**\*\*\*END OF MEMORANDUM DECISION AND ORDER\*\*\***

**Court Service List**

All parties to be served electronically